

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00035-CV

| | | |
|---|---|---|
| Ronald L. Jones | § | From County Court at Law No. 1 |
| v. | § | of Tarrant County (2012-005505-1) |
| | § | February 28, 2013 |
| Texas Health Harris Methodist Hospital Fort Worth | § | Per Curiam |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed. It is ordered that the appeal is dismissed for want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM


**NO. 02-13-00035-CV**

RONALD L. JONES                                                        APPELLANT

V.

TEXAS HEALTH HARRIS                                                    APPELLEE
METHODIST HOSPITAL FORT
WORTH

----------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Ronald L. Jones is attempting to appeal the trial court's order dismissing with prejudice all of his health care liability claims against Texas Health Harris Methodist Hospital Fort Worth. On January 30, 2013, we notified Jones of our concern that we lack jurisdiction over the appeal because the trial court's order

---

[1]*See* Tex. R. App. P. 47.4.

does not appear to be final or an appealable interlocutory order. Jones responded, but his response does not show grounds for continuing the appeal.

The trial court's dismissal order does not dispose of Jones's claims against Dr. Elliott Ray Trotter, and the trial court has not severed those claims. When, as here, there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or clearly and unequivocally states that it finally disposes of all claims and parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). We have jurisdiction of appeals only from final orders or interlocutory orders made appealable by statute; this appeal is from neither. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2012); *Ogletree v. Matthews*, 262 S.W.3d 316, 319 n.1 (Tex. 2007).

Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED: February 28, 2013